IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **RASHEEDA SWAIN,**<br><br>       Plaintiff,<br><br>v.<br><br>**VALDOSTA CITY SCHOOL DISTRICT, SUPERINTENDENT DR. WILLIAM O. CASON, individually and in his official capacity; and PRINCIPAL RUFUS McDUFFIE, individually and in his official capacity,**<br><br>       Defendants. | Civil Action No. 7:12-CV-146 (HL) |

### ORDER

This case is before the Court on Defendants Cason and McDuffie's Motion to Dismiss and Defendants' Motion to Dismiss ADA and Rehabilitation Act Claims. For the reasons discussed herein, the Motion to Dismiss (Doc. 6) is granted and the Motion to Dismiss ADA and Rehabilitation Act Claims (Doc. 9) is denied.

**I.   Defendants Cason and McDuffie's Motion to Dismiss**

Plaintiff has sued Defendants Cason and McDuffie in both their individual and official capacities. Plaintiff has also named the Valdosta City School District as a defendant. Defendants Cason and McDuffie have moved to dismiss the

official capacity claims because they are in effect claims against the School District and redundant.

Plaintiff agrees in her response that the official capacity claims are treated as actions against the School District. Thus, the Motion to Dismiss is granted. The official capacity claims against Defendants Cason and McDuffie are dismissed.

## II.    Defendants' Motion to Dismiss ADA and Rehabilitation Act Claims

Defendants contend that Plaintiff's claims under the anti-retaliation provisions of the ADA, 42 U.S.C. §§ 12131-12134, 12203, and under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, must be dismissed because Defendant did not exhaust her administrative remedies as to those claims. Plaintiff argues that exhaustion is not required.

### A.    ADA claim

Plaintiff states that her ADA claim is brought under Title II of the ADA. It is well established in the Eleventh Circuit that there is no exhaustion requirement under Title II of the ADA. Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816, 824 (11th Cir. 1998). As Plaintiff did not have to exhaust her administrative remedies prior to bringing a Title II claim, the motion to dismiss must be denied.

**B.      Rehabilitation Act claim**

In support of their argument that Plaintiff had to exhaust her administrative remedies prior to filing a Section 504 claim, Defendants rely on Doe v. Garrett, 903 F.2d 1455 (11th Cir. 1990). In Doe, the Eleventh Circuit held that a federal employee must exhaust his administrative remedies prior to filing a lawsuit against the government under the Rehabilitation Act. But as noted by the Middle District of Florida in Ali v. City of Clearwater, 807 F.Supp. 701, 703 (M.D. Fla. 1992), the Eleventh Circuit has not directly decided whether a non-governmental employee must first exhaust his administrative remedies before filing suit for an alleged violation of Section 504 of the Rehabilitation Act. Because Section 504 adopts the enforcement procedures contained in Title VI, which does not explicitly require the exhaustion of administrative remedies, 42 U.S.C. § 2000e-16(c), the Ali court held that a non-federal employee making a claim under Section 504 does not have to exhaust administrative remedies prior to bringing suit. Id. at 704. Many other courts have also reached this conclusion. *See* Smith v. Barton, 914 F.2d 1330, 1338 (9th Cir. 1990); Brennan v. King, 139 F.3d 258, 269 n. 12 (1st Cir. 1998); Tuck v. HCA Health Servs. of Tenn., Inc., 7 F.3d 465, 470-71 (6th Cir. 1993); Camenisch v. Univ. of Texas, 616 F.2d 127 (5th Cir. 1980), *judgment vacated on other grounds*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981).

As Plaintiff is not a federal or governmental employee, and Defendants are not federal employers, Plaintiff was not required to exhaust her administrative remedies prior to bringing a Section 504 action. Thus, Defendant's motion to dismiss as to this claim is denied.[1]

### III. CONCLUSION

For the foregoing reasons, Defendants Cason and McDuffie's Motion to Dismiss (Doc. 6) is granted, and Defendants' Motion to Dismiss ADA and Rehabilitation Act Claims (Doc. 9) is denied.

The caption of the case should be amended to read as follows: Rasheeda Swain v. Valdosta City School District, Dr. William O. Cason, individually, and Rufus McDuffie, individually.

**SO ORDERED**, this the 6th day of February, 2013.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] Because exhaustion was not required for either the ADA or the Section 504 claim, Defendants' statute of limitations argument also fails.